UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**J.P. MORGAN SECURITIES, LLC,**

    **Plaintiff,**

v.                                                     Case No. 8:23-cv-2432-WFJ-TGW

**DANIEL SUTTON,**

    **Defendant.**

_____/

**TEMPORARY RESTRAINING ORDER**

    This matter is before the Court on the motion of Plaintiff ("JPMorgan") for a temporary restraining order and for expedited discovery in the above-captioned action. The Court, having reviewed the motion, its accompanying declaration, and being otherwise sufficiently advised, believes that the motion should be granted.

    The Court finds:

    1.    While employed by JPMorgan, defendant Daniel James Sutton ("Defendant") executed agreements that contained restrictions on his ability to use JPMorgan's records and to solicit JPMorgan's clients after terminating his employment with JPMorgan;

    2.    JPMorgan's agreements with Defendant, and the statutory and other rights of JPMorgan with respect to the restrictive covenant and the solicitation of its clients, are being and will continue to be violated by Defendant unless enjoined by this Court;

    3.    JPMorgan will suffer irreparable harm and loss if Defendant is permitted

to solicit JPMorgan's clients on behalf of his new firm, Commonwealth Financial Network ("Commonwealth"), and to convert JPMorgan's confidential and proprietary client information to his own use and that of Commonwealth;

4. JPMorgan has no adequate remedy at law; and

5. Greater injury will be inflicted upon JPMorgan by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief;

IT IS, THEREFORE, ORDERED that:

1. A temporary restraining order is issued immediately. The requirements of Fed. R. Civ. P. 65(b) are met. The alleged injury is ongoing and possibly irreparable and appears to be surreptitious—thus the need for issuance without notice.

2. Defendant, and all those acting in concert with him, are temporarily enjoined and restrained, directly or indirectly, from:

   (a) soliciting, attempting to solicit, inducing to leave or attempting to induce to leave any JPMorgan client serviced by Defendant at JPMorgan or whose name became known to Defendant by virtue of his employment with JPMorgan (or any of its predecessors in interest);

   (b) using, disclosing or transmitting for any purpose JPMorgan's documents, materials and/or confidential and proprietary information pertaining to JPMorgan, JPMorgan's employees, and/or JPMorgan's clients.

3. This temporary restraining order is binding upon Defendant, his agents, servants, employer, any entity with which he is employed or affiliated, and those in

active concert or participation with him who receive actual notice of this Order;

    4.    This Order shall expire, unless renewed, on October 27, 2023, at 4:00 p.m.;

    5.    The parties are directed to proceed with arbitration in accordance with Rule 13804 of the FINRA Code of Arbitration Procedure for Industry Disputes;

    6.    Defendant and Plaintiff shall appear at **2:00 p.m. on Friday, October 27, 2023**, at Sam M. Gibbons United States Federal Courthouse, 801 North Florida Avenue, Tampa, Florida, in Courtroom 15B and show cause why this Temporary Restraining Order should not be extended, expanded, or converted into a Preliminary Injunction until a duly appointed panel of FINRA arbitrators decides JPMorgan's claim for permanent injunctive relief after an evidentiary hearing. At this hearing, expedited or expanded discovery, as well as bonding by Plaintiff, will also be discussed.

    **DONE AND ORDERED** at Tampa, Florida, on October 25, 2023, at 10:15 a.m.

                                    **WILLIAM F. JUNG**
                                    **UNITED STATES DISTRICT JUDGE**